*In re* DEPRIEST *et al.*

(*Circuit Court, E. D. Virginia.* October 31, 1890.)

1. ELECTIONS AND VOTERS—SUPERVISORS—ACCESS TO REGISTRATION BOOKS.
Rev. St. U. S. § 2026, provides that the chief supervisor of elections "shall require of the supervisors of elections, when necessary, lists of the persons who may register and vote in their respective voting precincts." Section 2016 provides that the supervisors of elections, when thus required by the chief supervisor, shall make the lists above mentioned, and verify the same. *Held* that, in the case of an approaching election for members of congress, the supervisors were entitled to access to the registration books of their voting precincts, and had a right not merely to the names that had just been registered, but to inspection of the entire registration books.

2. SAME—OBSTRUCTION BY REGISTRAR.
A registrar who denies the supervisors access to the registration books, or obstructs them in making a copy, commits an offense within section 5522, providing that every person who obstructs or hinders the supervisors of election in the performance of any duty required of them shall be liable to instant arrest and imprisonment and fine.

At Law.

In the matter of Clinton Depriest, supervisor of elections, and Robert Taylor, registrar of elections, in one of the voting precincts of the city

of Richmond, the court sitting specially under the requirements of Rev. St. U. S. § 2012.

*T. R. Borland*, U. S. Atty.,and *L. C. Bristow*, Asst. U. S. Atty., for supervisor.

*R. G. Pegram*, *J. C. Lamb*, and *C. V. Meredith*, for registrar.

HUGHES, J.  In the matter before me I am called upon to say whether, with reference to the election of members of congress to be held next week, a local supervisor of elections appointed by this court may, when required to do so, take a copy of lists of the persons qualified to vote at the approaching election as they are entered in the books of a registrar of election for a voting precinct.  These lists are commonly called "registration books," but they are spoken of by congress as "lists of persons who may register and vote."  The United States Revised Statutes provide, in section 2026, that the chief supervisor "shall require of the supervisors of election, when necessary, lists of the persons who may register and vote in their respective voting precincts."  And section 2016 provides that the supervisors of election, when thus required by the chief supervisor, shall make the lists above mentioned, and verify the same.  Authority is thus given the supervisor of elections to demand access to the registration book of the voting precinct, for the purpose of copying its lists of the voters of the precinct, and complying with the requisition upon him of the chief supervisor.  In respect to the election about to be held for members of congress the registering officer appointed by state authority is an election officer of the United States, bound by the laws of the United States, and amenable to the penalties prescribed by those laws. The registration books kept by each registrar are public records, open to inspection by officers of election, and may be copied by any such officer in the fulfillment of official duty.  For the purpose of the approaching election these registration books are not only public records in the general sense as distinguished from secret documents in close and special custody, but they are federal records, showing who may register and vote in a federal election.  In this latter respect they are liable to inspection, and to being copied by the supervisors of election when they are required to do so as provided by law.

In the case under consideration the supervisor of election has been required by the chief supervisor to furnish copies of the lists of persons who may register and vote in one of the voting precincts of the city of Richmond.  To obey that order he must have access to the registration book of the precinct.  That book is a public record in the custody of the registrar for the precinct.  It is the duty of that registrar to give the supervisor access to the book for the purpose of making the copy called for, and if the registrar denies or obstructs him in making the copy that officer commits an offense denounced by section 5522 of the United States Revised Statutes, which makes him liable to instant arrest without process, and imprisonment for not more than two years, and fine not exceeding $3,000.  It is contended by counsel who appear for the registrar that the two sections of the United States Revised Statutes first above cited

do not refer to the entire registration book of the precinct, but only to, the names that may have been newly put upon it at the registration held a few days ago, and only to such of those names as the supervisor himself had made a list of. This is altogether too narrow and technical a view to take of the matter. The contention cannot be true as a general proposition. Suppose a law had been passed redividing the city of Richmond into voting precincts. Suppose, after this redivision, the state registration and election of 1889 had been held, at which no supervisor of the United States could have attended, it being an election held only for state officers. That registration would have embraced all the voters in the precinct, being the first that was taken after the redivision. Can it be contended that a supervisor for 1890, appointed as an officer of the election for a member of congress to be held next week, is without authority to make a list of any names save those offered for registration in 1890? Such a construction would render the provisions of sections 2016 and 2026 mere empty words. The contention is inadmissible. When the law speaks of the lists of persons who may register and vote it refers to all registered persons,—to the entire lists; that is to say, to the registration books. And when the chief supervisor calls for them, and the local supervisor applies for access to the books in order to copy them, he should be facilitated in making the copy.